UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHN E. TAYLOR, JR.,

    Plaintiff,

  v.                                      Case No. 11-cv-104-JPG-PMF

LISA GAYLE, *et al.*,

    Defendant.

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff John E. Taylor, Jr.'s "Motion to District Judge for the Responsibility of Plaintiff Mailing Defendant's Hard Copies of Motions" (Doc. 85), which the Court construes as an objection to Magistrate Judge Philip M. Frazier's December 15, 2011, order (Doc. 84) denying Taylor's motion for clarification (Doc. 79) of Magistrate Judge Frazier's November 18, 2011, order (Doc. 77) granting Taylor's motion for clarification of his mailing obligations (Doc. 73).

A district court reviewing a magistrate judge's decision on nondispositive issues should modify or set aside that decision if it is clearly erroneous or contrary to law. See Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Accordingly, the Court will affirm Magistrate Judge Frazier's decision unless his factual findings are clearly erroneous or his legal conclusions are contrary to law. *Id.*

Taylor is confused because the instructions he received from the Clerk of Court about filing a lawsuit state, "After the complaint is filed, the original of any motion, pleading, or other paper submitted for consideration by the court should be filed with the clerk. You must also mail a copy of that document to all other parties, or if they have counsel, to that attorney." Instructions for Filing a Pro Se Civil Complaint for Civil Rights Violations or Other Civil

Claims Filed by a Person in Custody in the United States District Court for the Southern District of Illinois ("Instructions"), ¶ 11.  However, the institution in which Taylor is confined, participates in the electronic filing program agreed to by the Court and the Illinois Department of Corrections.  *See* General Order:  No. 2010-1.  That program relieves prisoners of some responsibility for serving hard copies of certain documents filed with the Court:

> For any document that is not a complaint (which requires service of process), the Court will recognize the Notice of Electronic Filing generated by the Court's electronic case filing system as the official service upon and notice to the other parties, if counsel for the other parties are registered in the Court's electronic case filing system.  If a party to the case is not registered, the Clerk of Court will mail a copy of the prisoner plaintiffs e-filed documents to each non-registered party on behalf of the prisoner, via the United States Postal Service.

General Order:  No. 2010-1, ¶ 3.  To the extent the Instructions conflict with General Order:  No. 2010-1, General Order:  No. 2010-1 takes precedence because it is an official order of the Court.

This is essentially what Magistrate Judge Frazier explained to Taylor in his November 18, 2011, order (Doc. 77), and his failure to further clarify was not clearly erroneous or contrary to law.  For this reason, the Court **AFFIRMS** Magistrate Judge Frazier's December 15, 2011, order (Doc. 84) and **OVERRULES** Taylor's objection (Doc. 85).

**IT IS SO ORDERED.**
**DATED:  February 9, 2012**

                                                  s/ J. Phil Gilbert
                                                  **J. PHIL GILBERT**
                                                  **DISTRICT JUDGE**