# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN E. TAYLOR, JR., | ) |
| Plaintiff, | ) |
| | ) Case No. 11-cv-104-JPG-PMF |
| vs. | ) |
| LISA GAYLE, et al., | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is defendant Dr. Feinerman's amended motion for summary judgment (Doc. No. 88). Plaintiff John Taylor is confined at Stateville Correctional Center. He is proceeding against Dr. Feinerman on Count 1, a § 1983 claim alleging that Dr. Feinerman and others violated the Eighth Amendment's proscription against cruel and unusual punishment when they responded with deliberate indifference to Taylor's serious medical needs. Count 1 describes the conditions Taylor experienced in February and March, 2009, after he moved to the North Cell House at Menard Correctional Center. Taylor alleges that Dr. Feinerman refused to instruct subordinate members of the prison staff to provide Taylor with prescribed pain relief medicine, either by retrieving Neurontin from Taylor's stored personal property or by distributing Neurontin from a stock supply kept in the health care unit. Taylor seeks damages, claiming that he needlessly suffered pain and sleep deprivation (Doc. No. 76).

Dr. Feinerman has pleaded failure to exhaust administrative remedies as an affirmative defense (Doc. No. 80). This motion seeks a ruling on that issue. The motion is opposed (Doc. No.

102).[1]  Taylor responds with information suggesting that the administrative remedy process was unavailable as to some grievances. He states that, while he submitted grievance forms on March 1 and April 1, 2009, the counselors did not provide responses to those grievances.

The Prison Litigation Reform Act provides that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Court of Appeals requires strict compliance with the statute. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Exhaustion means the prisoner has abided by the procedures for pursing relief. That is, he must file complaints and appeals "in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Failure to exhaust administrative remedies is an affirmative defense. Hence, defendant Dr. Feinerman bears the burden of proof. *Obriecht v. Raemisch*, 517 F.3d 489, 492 (7th Cir. 2008).

The applicable prisoner grievance process usually includes five levels of review. A prisoner first submits his grievance to a counselor. He may then submit a formal grievance to the grievance officer. The warden makes the final decision at the institutional level. A prisoner who is not satisfied by the warden's response may appeal to the Director. Those appeals are handled initially by the administrative review board (ARB). The Director issues the final decision. 20 Ill. Admin. Code § 504.810 et seq.

The Illinois Administrative Code establishes rules governing the grievance procedure. The rules require grievance forms to:

---

[1] A hearing to resolve factual disputes was not held because the materials present no contradiction regarding material facts.

> [C]ontain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint. This provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible.

20 Ill. Admin. Code § 504.810 (b). Also, the rules direct inmates to file their grievances within 60 days after discovery of the incident of concern. 20 Ill. Admin. Code § 504.810(a).

The relevant facts are gleaned from the exhibits submitted by the parties and are not in dispute. They show that Taylor completed one grievance form on March 1, another on March 2, another on March 4, and another on April 1, 2009. The summaries included in the March 1, March 2, and April 1 grievances describe Taylor's problems gaining access to pain medication. While the March 1 and April 1 grievances include specific reference to Dr. Feinerman, the March 2 grievance does not (Doc. No. 88-3, 88-4). The summary in the March 4 grievance addresses different concerns, unrelated to the claim for relief in Count 1 (Doc. No. 76, p. 22).

A correctional counselor responded to Taylor's March 2 grievance. Taylor received no such response to his March 1 and April 1 grievances. The March 2 grievance was eventually stamped "received" indicating receipt by the grievance office (on March 4, 2009) and by the office of inmate issues (on March 23, 2009).

On June 17, 2009, a letter was sent to Taylor notifying him that the director of the Illinois Department of Corrections had adopted a recommendation from the ARB that a grievance regarding Taylor's failure to receive medication be considered moot (Doc. No. 75, p. 6). That letter indicates that Taylor's grievance was received on March 23, 2009 – a date which directly corresponds to the date stamped on Taylor's March 2, 2009, grievance (Doc. No. 75, p. 6). The June 17, 2009, letter

describes a final decision regarding Taylor's complaint that he was deprived of access to pain medication.

In support of his motion, Dr. Feinerman emphasizes that the two grievances that mention his name do not contain staff signatures or "filed" or "received" stamps. In these circumstances, the absence of "received" stamps does not permit an inference that Taylor failed to exhaust available administrative remedies. Taylor has shown that he never received a counselor's response to these two grievances. Moreover, Taylor has shown that he exhausted his available remedies by processing the March 2 grievance to a final decision.

Dr. Feinerman also argues that neither the March 1 nor the April 1 grievance were received from Stateville Correctional Center or the ARB. This assertion cannot be evaluated. The materials on file do not describe the origin of those exhibits.

Dr. Feinerman also argues that Taylor omitted any reference to him, his position, or his conduct in the March 2, 2009, grievance. This is an accurate statement but does not lend substantial support to the exhaustion defense. The June 17, 2009, letter demonstrates that the director of the IDOC accepted Taylor's March 2 grievance and finally resolved Taylor's complaint about access to medication. Where a grievance is accepted and finally resolved, that is enough – the exhaustion requirement is satisfied. *See Maddox v. Love*, 655 F.3d 709, 721-22 (7th Cir. 2011); *Conyers v. Abitz*, 416 F.3d 580, 585 (7th Cir. 2005); *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004); *Ford v. Johnson*, 362 F.3d 395, 397-98 (7th Cir. 2004). The June 17, 2009, letter shows that the ARB accepted and evaluated Taylor's complaint about medication, determined that he had received his medication, and found that his concerns had been resolved. The finding that the issue had been resolved was a final decision. No evidence suggests that the ARB rejected Taylor's grievance or

refused to consider his grievance on the ground that he failed to provide identities of those involved (Doc. No. 75, p. 6).[2] In short, the exhaustion defense lacks merit because Taylor's March 2, 2009, grievance "served its function of alerting the state and inviting corrective action." *Maddox*, 655 F.3d at 722.

IT IS RECOMMENDED that defendant Feinerman's motion for a ruling in his favor on the affirmative defense of exhaustion of administrative remedies (Doc. No. 88) be DENIED.

SUBMITTED:   <u>March 19, 2012</u>  .

                                <u>s/Philip M. Frazier</u>
                                **PHILIP M. FRAZIER**
                                **UNITED STATES MAGISTRATE JUDGE**

---

[2] The circumstances here differ in important respects from the case cited as authority for Feinerman's argument. In *Granger v. Kayira*, 2009 WL 3824710 *3 (N. D. Ill 2009), the ARB returned a grievance and explained that specific information was missing.