UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHN E. TAYLOR,

    Plaintiff,

        v.

LISA GAYLE, *et al.*,

    Defendants.

Case No. 11-cv-104-JPG-PMF

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 187) of Magistrate Judge Philip M. Frazier recommending that the Court deny the motion to strike filed by plaintiff John Taylor (Doc. 166) and grant the motion for summary judgment filed by defendants Kim Butler, Lisa Gayle and Tina Monroe (Doc. 133) and the motion for summary judgment filed by defendant Adrian Feinerman (Doc. 136). Taylor has filed two objections to the Report (Doc. 189) and 190).

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Taylor's first objection (Doc. 189) challenges the recommendation to deny his motion to strike (Doc. 166). He complains that Feinerman's counsel failed to mark the response to the motion to strike as "legal mail," causing a delay in Taylor's receiving the response. This objection has no merit. Even if the response had not been marked as "legal mail" when it was

mailed via the United States Postal Service, it was served by electronic mail to Stateville Correctional Center, where Taylor was housed, via the Court's electronic filing program for timely delivery to Taylor. To the extent the response may have been unduly delayed, Taylor suffered no prejudice because the Court gave Taylor additional time to reply to Feinerman's response (Doc. 169). The Report was correct to recommend the motion to strike be denied.

Taylor's second objection (Doc. 190) challenges the recommendation to grant the defendants' motions for summary judgment (Docs. 133 & 136). Taylor claims the defendants were deliberately indifferent to his serious medical needs when he was in protective custody and for four and a half days did not have access to his personal property box where his pain medications were stored. He argues each defendant deliberately allowed him to suffer for four and a half days when he or she could have prevented it by giving him medications from another source or by allowing him access to his property. The Report recommended granting the defendants' summary judgment motions on the grounds that it was not clearly established at the time that their conduct amounted to subjective deliberate indifference.

The Report was correct. In order to establish a violation of the Eighth Amendment, the plaintiff must show, among other things, that the official had sufficiently culpable state of mind, that is, he was at a minimum deliberately indifferent. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). An official is deliberately indifferent if he "knows of and disregards an excessive risk to inmate health or safety." *Id.* at 837.

Gayle said she would make sure Taylor got his medications (Taylor Dep. at 47) and informed another officer Taylor needed his medication (*id.* at 48-49), but medication did not arrive until days later. Monroe told Taylor he could get his medication from his property but twice refused to take Taylor to get it or to get it for him when he requested (*id.* at 59-63). When Taylor

complained to Butler about not having his medication, Butler assured Taylor he would get his property that day (*id.* at 51), but he did not get it until days later. While it is certainly unfortunate that Taylor missed his medications and suffered pain as a result, Taylor has presented no evidence from which a jury could conclude that Gayle, Monroe or Butler disregarded Taylor's need for his pain medication such that she violated the Eighth Amendment. The evidence shows no more than that they might have been negligent.

As for Feinerman, to the extent Taylor seeks to hold him responsible for the actions of Gayle, Monroe or Butler, the Court has dismissed such a claim with prejudice in an April 19, 2011, order (Doc. 7). To the extent the Second Amended Complaint adds additional allegations of Feinerman's own personal conduct, the Report is correct in its conclusion that he is entitled to qualified immunity. Prior to Taylor's transfer to protective custody, he had prescribed Taylor sufficient medication (Taylor Dep. at 66-67). This is what Taylor had placed in his personal property box. When Feinerman became aware that Taylor did not have his medication, he said Taylor needed to get his supply from his personal property box (*id.* at 74, 77). Essentially, Feinerman knew Taylor had sufficient medication and thought he should retrieve it from his property box. While Feinerman might have been ignorant of or insensitive to Taylor's difficulty getting to his personal property, he did not display deliberate indifference to Taylor's medical needs.

After a *de novo* review, the Court finds for the foregoing reasons that the Report was correct. Accordingly, the Court hereby:

- **ADOPTS** the Report in its entirety (Doc. 187);
- **OVERRULES** Taylor's objections (Doc. 189) and 190);
- **DENIES** Taylor's motion to strike (Doc. 166);

- **GRANTS** the motion for summary judgment filed by defendants Kim Butler, Lisa Gayle and Tina Monroe (Doc. 133) and the motion for summary judgment filed by defendant Adrian Feinerman (Doc. 136); and

- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:   March 7, 2013**

<u>s/J. Phil Gilbert</u>
**J. PHIL GILBERT**
**DISTRICT JUDGE**