UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHN E. TAYLOR, JR.,

    Plaintiff,

        v.

LISA GAYLE, *et al.*,

    Defendants.

Case No. 11-cv-104-JPG-PMF

## **MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff John E. Taylor's motion to amend or alter (Doc. 195) a prior order issued by Magistrate Judge Philip M. Frazier on July 21, 2011 (Doc. 36). That order severed Count 3 from the rest of this action pursuant to *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), and opened Count 3 as a new case, *Taylor v. Brown*, 11-cv-631-GPM. The Court construes Taylor's motion as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).

Magistrate Judge Frazier's July 21, 2011, severance order was not sprung on Taylor without warning. In a June 29, 2011, order (Doc. 31), Magistrate Judge Frazier warned Taylor it would sever Count 3 from Count 1, open Count 3 as a new case, and assess an additional filing fee for the new case if Taylor did not move to voluntarily dismiss Count 1 or 3 by July 13, 2011. By July 21, 2011, the Court had received no motion for voluntary dismissal, so, as it warned it would do, it severed Count 3 into a new case and assessed a new filing fee. The following day, the Clerk of Court sent Taylor notice that the new case had been opened (No. 11-cv-631-GPM, Doc. 10).

In his pending Rule 60(b) motion, Taylor claims that on July 11, 2011, and then again on August 4, 2011, he gave the prison paralegal a motion to voluntarily dismiss to be filed with the Court using the Court's prison electronic filing program. Only the August 4, 2011, was docketed, but by that time, Count 3 had been severed. In October 2011, Taylor asked Magistrate Judge Frazier to reconsider his severance order (Doc. 70), but Magistrate Judge Frazier declined to do so in light of the fact that the issued had also

been raised and ruled on adversely to Taylor by Judge G. Patrick Murphy in No. 11-cv-631-GPM (Doc. 108). The issue is now before the Court of Appeals for the Seventh Circuit in the appeal of Judge Murphy's case, App. No. 12-1710.

It is well settled that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *McCormick v. City of Chi.*, 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)). Rule 60(b) allows a court "to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). The rule authorizes a Court to grant relief from judgment for the specific reasons listed in the rule but does not authorize action in response to general pleas for relief. *See Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995). It is also not an appropriate vehicle for addressing simple legal error, for rehashing old arguments, or for presenting arguments that should have been raised before the court made its decision. *Russell*, 51 F.3d at 749; *Rutledge v. United States*, 230 F.3d 1041, 1052 (7th Cir. 2000); *Young*, 161 F.R.D. at 62; *In re Oil Spill by "Amoco Cadiz,"* 794 F. Supp. 261, 267 (N.D. Ill. 1992), *aff'd*, 4 F.3d 997 (7th Cir. 1993) (Table).

Taylor has not shown Rule 60(b) relief is warranted. If he believed the Court erred in severing Count 3, he could have raised that issue in an appeal of the final judgment in this case, which was entered on March 7, 2013. He did not appeal this case, and no special circumstances justify revisiting Judge Frazier's severance order at this time. To the extent Taylor believes he was harmed by the paralegal's failure to file his tendered document nearly two years ago, he should seek relief from her elsewhere than in this case.

**IT IS SO ORDERED.**
**DATED: July 8, 2013**

                                                 s/J. Phil Gilbert
                                                 **J. PHIL GILBERT**
                                                 **DISTRICT JUDGE**